# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIRILO ALVAREZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>)<br>_____ ) | 1:05-cr-0112 AWI<br><br>**ORDER FOR PETITIONER TO SHOW CAUSE WITHIN SIXTY DAYS WHY THE PENDING MOTION TO VACATE, SET-ASIDE, OR CORRECT THE SENTENCE SHOULD NOT BE DISMISSED AS TIME-BARRED**<br><br>**(28 U.S.C. § 2255)** |

Petitioner Sirilo Alvarez ("Petitioner") was convicted in 2006 by plea of guilty to one count of conspiracy to manufacture and distribute methamphetamine in violation fo 21 U.S.C. §§ 846 and 841(a)(1) and one count of manufacture of methamphetamine in violation of 21 U.S.C. §841(a)(1). Petitioner was sentenced to a term of 150 months imprisonment. Judgment was entered on March 9, 2006. Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (the "Motion") was captioned for filing in the District Court of Arizona and was received by what appears to be the Ninth Circuit Court of Appeals on April 16, 2012. The Motion was apparently forwarded by the Ninth Circuit to this court and filed in this court on May 9, 2012. Petitioner signed the Motion on April 11, 2012.

Petitioner's Motion consists solely of a pre-printed form. Doc. # 82. At Question # 7 on the pre-printed form, Petitioner answered "No" to a question that asked whether he had appealed from the judgment. At Question # 9 on the form, the petitioner is asked to list any other petitions he has filed with this court other than direct appeals. In that section Petitioner indicates he filed a

pleading on May 4, 2010, which was in the nature of a "Motion to amend or order for 2nd or successive claim." Doc. # 82 at ¶ 9. The Motion indicates the May 4, 2010, filing is pending. The court has carefully examined the docket report in this case and there is no filing of either a first or successive petition for habeas relief filed at any time since the entry of judgment. At question 13, Petitioner "Yes" when asked whether there was any motion or appeal "<u>now pending</u> in any court for the judgment you are challenging." Petitioner indicated there is an appeal now *pending* before the Ninth Circuit Court of Appeals. Doc. # 82 at ¶ 13. Even more confusingly, when asked at question # 15 to explain why the one-year statute of limitations should not apply to bar the instant Motion, Petitioner answered: "I've requested my court-appointed lawyer to submit following petition with no success."

      Section 2255 provides that the one-year statute of limitations for the section begins to run at the latest of: (1) the date of the judgment of conviction becomes final; (2) the date on which a government-created impediment to bringing a section 2255 action is removed; (3) the date on which a right to bring the action was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 (1)-(4). So far as the court is aware from its docket record, no appeal was ever filed in this case. What the court presumes is most likely from the inconsistent answers on the form provided by Petitioner is that he asked his attorney to file an appeal on the issue of minor role reduction – an issue that was addressed by this court but rejected – and Petitioner's attorney declined; probably noting that the right to appeal had been waived as part of the plea agreement. Since there is no record indicating that an appeal was filed in this case, the court finds judgment was final not later than March 20, 2006, and the one-year statute of limitations for the filing of a motion pursuant to section 2255 lapsed not later than March 21, 2007.

      As noted previously, the court has no record of any prior filing by Petitioner of any kind

from the date of entry of judgment to the Motion now under consideration. Thus, the court cannot make sense of the reference in Petitioner's answer to Question # 9 regarding a second or successive petition for habeas relief. It is also not entirely clear to the court what grounds Petitioner is intending to assert in his current Motion. The court will order Petitioner to show cause why his Motion should not be dismissed as time-barred. To the extent Petitioner has any record of any prior appellate or habeas pleadings, copies of such pleadings and an explanation of where and when such pleadings were filed must accompany Petitioner's response to the order to show cause.

THEREFORE, it is hereby ORDERED that Petitioner shall SHOW CAUSE why the Motion to vacate, set aside or correct his sentence should not be dismissed as time-barred. Plaintiff's answer to this order, if any, shall be filed and served not later than sixty (60) days from the date of service of this order.

IT IS SO ORDERED.

Dated: June 28, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE